IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID THOMAS HARRISON, )<br># 301122, )<br>   )<br>   Petitioner, )<br>   )<br>   )<br>v.   )<br>   )<br>DEBORAH TONEY, *et al.,*   )<br>   )<br>   Respondents.   ) | Civil Action No.<br>3:20-cv-331-MHT-CSC<br>(WO) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On May 13, 2020, Alabama inmate David Thomas Harrison filed this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254[1] challenging his 2015 conviction and resulting sentence for enticing a child for immoral purposes. Doc. 1.[2] For the reasons discussed below, the court recommends that Harrison's petition be dismissed as time-barred under the federal statute of limitations, 28 U.S.C. § 2244(d).

### I. BACKGROUND

On June 18, 2015, a Lee County jury found Harrison guilty of enticing a child for immoral purposes, in violation of Ala. Code § 13A-6-69. On August 25, 2015, the trial court sentenced Harrison, as a habitual felony offender, to a term of 18 years'

---

[1] Harrison's petition was date-stamped as received by the court on May 18, 2020. He avers that he placed it in the prison mailing system on May 13, 2020. Doc. 1 at 1, 15. Under the "prison mailbox rule," a *pro se* petition is deemed filed on the date it is delivered to prison officials for mailing. *See Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999).

[2] References to documents filed in this case are designated as "Doc." Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on the copies as submitted for filing.

imprisonment. Harrison appealed, arguing that (1) the trial court erred in denying his *Batson*[3] challenge; (2) the State's evidence was insufficient to sustain his conviction; (3) the trial court improperly handled two questions from the jury; and (4) his trial counsel rendered ineffective assistance. Doc. 10-2. On May 27, 2016, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming Harrison's conviction and sentence. Doc. 10-5. Harrison did not apply for rehearing or petition the Alabama Supreme Court for certiorari review. On June 15, 2016, the Alabama Court of Criminal Appeals issued a certificate of judgment. Doc. 10-1 at 2.

On April 25, 2017, Harrison filed a *pro se* petition in the trial court seeking relief under Rule 32 of the Alabama Rules of Criminal Procedure.[4] Doc. 10-7 at 14. Harrison amended the Rule 32 petition in July 2018. Doc. 10-7 at 59. His Rule 32 petition, as amended, included claims that (1) his trial counsel rendered ineffective assistance by preventing him from testifying and (2) his sentence was illegal because his prior Georgia convictions were improperly used to sentence him as a habitual felon. Doc. 10-7 at 15–16, 52–59. An evidentiary hearing on the Rule 32 petition was held on October 9, 2018. Doc. 10-8 at 29–80. Harrison's trial counsel was unable to attend the hearing because of illness, but she had submitted an affidavit averring that Harrison made the decision not to testify at trial and that Harrison's assertions to the contrary were untrue. Doc. 10-7 at 86–87. On

---

[3] *Batson v. Kentucky*, 476 U.S. 79 (1986).

[4] As with Harrison's § 2254 petition, the court applies the prison mailbox rule to determine the filing date of Harrison's Rule 32 petition.

2

November 16, 2018, the trial court entered an order, with written findings of fact, denying Harrison's Rule 32 petition. Doc. 10-7 at 184–88.

Harrison appealed, and on June 28, 2019, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the judgment denying Harrison's Rule 32 petition. Doc. 10-11. Harrison applied for rehearing, which was overruled on August 23, 2019. Doc. 10-12; Doc. 10-6 at 2. He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on October 11, 2019. Doc. 10-13; Doc. 10-6 at 2. A certificate of judgment issued that day. Doc. 10-6 at 2.

Harrison filed this § 2254 petition on May 13, 2020. Doc. 1. In his petition, he pursues his claims that (1) his trial counsel was ineffective assistance for denying him the right to testify and (2) he was unlawfully sentenced as a habitual felon. Doc. 1 at 5; Doc. 3 at 8–10. Respondents argue that Harrison's petition is untimely under AEDPA's one-year statute of limitations and that his claims are therefore time-barred from review. Doc. 10. As explained below, the court agrees.

## II. DISCUSSION

A.   **AEDPA's One-Year Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains the following time limitation for filing federal habeas petitions:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### 1.   **Computation of Timeliness**

In most cases, a petition brought under § 2254 must be filed within a year after the date on which the underlying judgment becomes final, either by the conclusion of direct review or by the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A); *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006). Where a petitioner appeals his conviction to the Alabama Court of Criminal Appeals but does not timely seek review in the Alabama Supreme Court, his conviction becomes final for purposes of § 2244(d)(1)(A) on the date the time for seeking that review expires. *Kister v. Harrison*, 2021 WL 5411213, at *3 (N.D. Ala. Oct. 26, 2021) (citing *Gonzalez v. Thaler*, 565 U.S. 134, 137, 150 (2012)). A timely application for rehearing filed in the Alabama Court of Criminal Appeals is a prerequisite to review in the Alabama Supreme Court. Ala. R. App. P. 39(c)(1); 40(d)(1).

The Alabama Court of Criminal Appeals affirmed Harrison's conviction in a memorandum opinion issued on May 27, 2016. Doc. 10-5. Harrison did not apply for rehearing in the Alabama Court of Criminal Appeals. (Nor did he file a petition for writ of certiorari in the Alabama Supreme Court.) Accordingly, Harrison's conviction became final for purposes of § 2244(d)(1)(A) on the date his time for filing an application for rehearing in the Alabama Court of Criminal Appeals expired. *Kister*, 2021 WL 5411213, at *3; *Harvey v. Price*, 2018 WL 2731232, at *2 (N.D. Ala. Apr. 26, 2018). That date was 14 days after the Alabama Court of Criminal Appeals issued its May 27, 2016 memorandum opinion affirming Harrison's conviction—i.e., June 10, 2016. Ala. R. App. P. 40(c). The AEDPA statute of limitations began to run on that date. Therefore, absent some effective tolling event, Harrison had until June 12, 2017 (the first business day after June 10, 2017) to file a timely petition under § 2254. As next discussed, statutory tolling under 28 U.S.C. § 2244(d)(2) extended the AEDPA filing deadline beyond that date.

2.  **Statutory Tolling**

Pursuant to § 2244(d)(2), the one-year limitations period is tolled during the pendency of a properly filed state court petition. 28 U.S.C. § 2244(d)(2). As recounted above, on April 25, 2017—when 319 days of the limitation period had run[5]—Harrison filed a Rule 32 petition in the state trial court. Under § 2244(d)(2), that filing tolled AEDPA's statute of limitations. The state court proceedings on the Rule 32 petition concluded on October 11, 2019, when a certificate of judgment was issued in Harrison's Rule 32 appeal.

---

[5] From June 10, 2016 to April 25, 2017.

With the conclusion of the Rule 32 proceedings, AEDPA's statute of limitations began to run again, with 46 days (i.e., 365 days – 319 days) remaining on the federal clock.[6] No other tolling event occurred during those remaining 46 days. Thus, Harrison had until November 26, 2019,[7] to file a timely § 2254 petition.

Harrison sets forth no facts or arguments to establish a tolling event under 28 U.S.C. § 2244(d)(1)(B), (C), or (D); i.e., he has not shown that an unlawful state action impeded him from filing a timely § 2254 petition, or that his claims are based on a right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review, or that the facts supporting his claims could not have been discovered earlier by exercising due diligence.

Here, with tolling under § 2244(d)(2), the AEDPA statute of limitations expired for Harrison on November 26, 2019. Harrison filed his § 2254 petition on May 13, 2020—making it untimely under the statute by 169 days.

**B.    Equitable Tolling**

The one-year AEDPA limitations period can be tolled on an equitable basis when a petitioner demonstrates he has submitted an untimely filing "because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik*

---

[6] Section 2244(d)(2) operates as a "stop-start" provision that requires a court to consider any time during which no state action is pending. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations."); *Tinker v. Moore*, 255 F.3d 1331, 1333 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").

[7] November 26, 2019 was 46 days after October 11, 2019.

6

*v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). However, "equitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). The Supreme Court has held that a petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter*, 587 F.3d at 1308.

Harrison contends that he is entitled to equitable tolling because he originally mailed his § 2254 petition to an incorrect address, which he says he obtained from an outdated legal directory in his prison law library. Doc. 3 at 5–6. However, by Harrison's own account, he mailed the misaddressed petition on January 27, 2020. Doc. 3 at 5; Doc. 3-5 at 1. By that date, the AEDPA limitations period for Harrison to file a § 2254 petition had expired two months earlier, i.e., on November 26, 2019. Thus, the alleged extraordinary circumstance—Harrison's misaddressed petition—was not the cause of Harrison's filing of his instant petition after AEDPA's statute of limitations had expired.[8] For a habeas petitioner to obtain equitable tolling, there must be a causal connection between the alleged extraordinary circumstance and the untimely filing of the habeas petition. *See San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 1999); *Lawrence v. Florida*, 421 F.3d 1221, 1226–27 (11th Cir. 2005). Harrison cannot show the required causal connection.

---

[8] A copy of the misaddressed petition is not in the record.

Moreover, Harrison's own negligence in failing to send his habeas petition to the correct address is inadequate to justify equitable tolling. Harrison could have determined the correct address of this court with the exercise of even minimal diligence. *See Perea v. Soelle*, 375 F. App'x 800, 801 (9th Cir. 2010) (defendant not entitled to equitable tolling when he mailed petition to outdated mailing address for courthouse); *Bhatt v. Superior Court of the State of Cal.*, 2013 WL 1294468, at *6–7 (C.D. Cal. Mar. 28, 2013) (petitioner not entitled to equitable tolling where petition was sent to the wrong address); *Torres v. Vasquez*, 2017 WL 3841762, at *6 (C.D. Cal. Apr. 19, 2017) (inadvertent mailing of petition to wrong address not a basis for equitable tolling); *Gay-Allen v. Colvin*, 2015 WL 521038, at *6–7 (N.D. Fla. Feb. 9, 2015) (alleged reliance on misinformation about court address not a basis for equitable tolling); *Shelley v. Att'y Gen. of Delaware*, 2012 WL 379907, at *3 (D. Del. Jan. 31, 2012) (same).

Harrison also argues that he is entitled to equitable tolling because, he says, he mailed his legal materials to his sister in September 2019 because correctional officers at his prison were conducting random "shakedowns" of prison dorms and confiscating the legal materials of inmates with "too much paperwork in their area." Doc. 3 at 6; Doc. 3-1 at 1. According to Harrison, inmates had to send their legal materials home within 30 days, "or it would be destroyed." Doc. 3-1 at 1. Harrison says he called his sister in December 2019 and asked her to "send me back portions of my current litigation, which she did." Doc. 3-1 at 1. Harrison states that when his sister returned the legal materials to him, he researched and drafted his habeas petition, which "took some time" because "in the law

library, inmates are given one (1) hour on the computer and two (2) hours on the typewriter, before [they have] to get off." Doc. 14 at 2.

Prison lockdowns and periods in which a prisoner is separated from his legal papers are generally are not considered "extraordinary circumstances" for purposes of invoking equitable tolling. *See Akins v. United States*, 204 F.3d 1086, 1089–90 (11th Cir. 2000) (lockdown would not equitably toll the running of the one-year period because prisoner had adequate time to file a timely motion to vacate when he was not in a lockdown situation); *Dodd v. United States*, 365 F.3d 1273, 1282–83 (11th Cir. 2004) (equitable tolling was not appropriate where petitioner was transferred to a different facility and detained there for over 10 months without access to his legal papers); *Daniels v. Florida*, 769 F. App'x 809, 813 (11th Cir. 2019) (petitioner's "separation from his legal materials does not constitute an extraordinary circumstance" warranting equitable tolling); *Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) (petitioner's lack of access to law library and legal papers for as much as ten months of the one-year limitation period was not extraordinary, and petitioner failed to allege how lack of access thwarted his efforts to file a timely petition). Here, Harrison fails to establish that he was prevented from filing a timely § 2254 petition as a result of mailing his legal materials to his sister in September 2019 out of concern that those materials would be confiscated by prison officials.

Although the intentional and wrongful confiscation of a prisoner's habeas petition and related legal papers by corrections officers shortly before the filing deadline may justify equitable tolling, *see Valverde v. Stinson*, 224 F.3d 129, 133–34 (2d Cir. 2000), Harrison does not allege—much less demonstrate—that prison officials threatened to

confiscate his legal papers for the purpose of obstructing the timely filing of his § 2254 petition. He fails to set forth an "extraordinary circumstance" that satisfies the standards justifying equitable tolling. *See, e.g., Abdullah v. United States*, 2012 WL 4475730, at *3 (M.D. Ala. Jul. 20, 2012). Moreover, Harrison does not establish that he acted with reasonable diligence to file a § 2254 petition in the time during which his legal materials were with his sister, including the time between the October 11, 2019 issuance of a certificate of judgment in his Rule 32 appeal and the expiration of the AEDPA limitations period—or, for that matter, after the limitations period expired (and after his legal materials had been returned by his sister).

Finally, conclusory assertions, like Harrison's, regarding the inadequacy of a prison law library are insufficient to warrant equitable tolling of the statute of limitations. *See Akins*, 204 F.3d at 1090; *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). *See also, e.g., Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (per curiam) (prisoner's *pro se* status, law library missing a "handful" of reporter volumes, and reliance on inmate helpers who were transferred or too busy to attend to his petitions are not extraordinary circumstances "given the vicissitudes of prison life").

Harrison has not demonstrated that he is entitled to equitable tolling, and the court knows of no reason that would support tolling of the limitations period in his case. His § 2254 petition is therefore time-barred, and his claims are not subject to further review.[9]

---

[9] Notwithstanding the AEDPA statute of limitations, it has been recognized that an untimely habeas petition can be overcome—thereby opening the door to review of otherwise time-barred claims—through a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013). A petitioner so asserting actual innocence must establish that, in light of new

10

## III. CONCLUSION

For these reasons, it is the RECOMMENDATION of the Magistrate Judge that Harrison's 28 U.S.C. § 2254 petition be DENIED as time-barred and that this case be DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before March 9, 2023. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 23rd day of February, 2023.

/s/ Charles S. Coody
CHARLES S. COOODY
UNITED STATES MAGISTRATE JUDGE

---

evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Harrison does not assert his actual innocence as a gateway to review of his otherwise time-barred claims.